IN THE UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

KATHLEEN M. AGUERO and
LORETTA M. PANGELINAN,

        Plaintiffs,

vs.

EDDIE BAZA CALVO in his official capacity as Governor of Guam and CAROLYN GARRIDO in her official capacity as Registrar in the Office of Vital Statistics,

        Defendants.

CIVIL CASE NO. 15-00009

**ORDER AND OPINION RE:
MOTION FOR SUMMARY JUDGMENT**

Before the court are the following motions: Plaintiffs' Motion for Summary Judgment and Motion for Preliminary Injunction. On June 5, 2015, the parties appeared before the court for a hearing on said motions. After reviewing the parties' briefs, relevant cases and statutes, and having heard argument from counsel on the matter, the court hereby **GRANTS** the Motion for Summary Judgment and finds the Motion for Preliminary Injunction **MOOT**.

**I. BACKGROUND**

Plaintiffs Kathleen M. Aguero and Loretta M. Pangelinan are a same-sex couple, wishing to get married on Guam. On April 8, 2015, Plaintiffs brought their application for a marriage license to the Vital Statistics Office of the Department of Public Health and Social Services in

1

Mangilao. That office processes marriage license applications on Guam.

Plaintiffs allege—and Defendants admit—that when the Plaintiffs presented their marriage license application at the Vital Statistics Office, their application was rejected. They were informed by an employee that marriage licenses were not issued to same-sex couples, citing to 10 G.C.A. § 3207(h) and an opinion letter from the Office of the Attorney General.

On April 13, 2015, Plaintiffs commenced the instant lawsuit. Along with the Complaint for Declaratory and Injunctive Relief (ECF No. 1), Plaintiffs also filed that same day the following motions: Motion for Summary Judgment (ECF No. 2), Motion for Preliminary Injunction (ECF No. 5), and Request for Expedited Ruling (ECF No. 9). Thereafter, on April 16, 2015, Plaintiffs filed their First Amended Request for Expedited Ruling (ECF No. 11).

On May 4, 2015, Defendants made their entry of appearance and filed an ex parte motion to hold the case in abeyance (ECF No. 16). The court denied the ex parte motion on May 8, 2015, and set the pending motions for oral argument on June 5, 2015.[1]

## II. DISCUSSION

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is material if it might affect the outcome of the suit under the governing substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

A shifting burden of proof governs motions for summary judgment under Rule 56. *In re Oracle Corp. Securities Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). The party seeking summary

---

[1] The Request for Expedited Ruling and First Amended Request for Expedited Ruling were implicitly granted when the court issued an expedited briefing schedule.

judgment bears the initial burden of proving an absence of a genuine issue of material fact. *Id*. (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Where, as here, the moving party will have the burden of proof at trial, "the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

If the moving party meets that burden, the burden then shifts to the nonmoving party to set forth "specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 250. "The mere existence of a scintilla of evidence…will be insufficient" and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. at 252; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Viewing the evidence in the light most favorable to the non-moving party, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

**B. Guam Marriage Laws Inconsistent with Ninth Circuit Law**

Section 3207(h) of Title 10, Guam Code Annotated, defines marriage as "the legal union of persons of opposite sex." 10 G.C.A. § 3207(h). Plaintiffs challenge the legality of this Guam law and any other laws or regulations to the extent they prohibit otherwise qualified same-sex couples from marrying in Guam. Plaintiffs ask the court to declare that the challenged laws deny them equal protection of the law and therefore are invalid under the United States Constitution. Further, Plaintiffs ask the court to permanently enjoin the enforcement of the challenged laws and declare that same-sex couples are entitled to marry on Guam on the same terms as opposite-sex couples.

The Ninth Circuit has already decided this very same issue in *Latta v. Otter*, 771 F.3d 456 (9th Cir. 2014), and the application of *Latta* in this case is not in question. "Defendants do

not dispute Plaintiffs' review of the current Ninth Circuit Court of Appeals interpretation of the United States Constitution or the legal consequences as applied to the People of Guam through the Organic Act of Guam." Opp'n at 2, ECF No. 26. Further, there is no genuine dispute as to any material fact in this case. In their answer to the complaint, Defendants admitted to having precluded Plaintiffs from marrying and refusing to issue marriage license, based solely on the fact that Plaintiffs are lesbians in a same-sex relationship. *See* Answer at 2, ECF No. 25 (Defendants admitting to ¶¶ 2 and 21 of the Compl.).

Accordingly, Plaintiffs have met their burden of proof in their motion for summary judgment. The court need not issue a lengthy decision since the law under the Ninth Circuit is clear. "[O]nce a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority[.]" *Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000). Thus, based on *Latta*, Plaintiffs are entitled to a declaration that the challenged laws are unconstitutional together with a permanent injunction prohibiting enforcement of the challenged laws.

### III. CONCLUSION

Based on the foregoing, Plaintiffs' motion for summary judgment is **GRANTED** and the court **PERMANENTLY ENJOINS** the Territory of Guam and its officers, employees, agents, and political subdivisions from enforcing 10 G.C.A. § 3207(h), and any other laws or regulations to the extent they prohibit otherwise qualified same-sex couples from marrying in Guam. Said injunction shall take effect June 9, 2015, at 8:00 a.m.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Jun 08, 2015**