# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| KATHLEEN M. AGUERO and LORETTA M. PANGELINAN, <br><br> Plaintiffs, <br><br> vs. <br><br> EDDIE BAZA CALVO in his official capacity as Governor of Guam and CAROLYN GARRIDO in her official capacity as Registrar in the Office of Vital Statistics, <br><br> Defendants. | CIVIL CASE NO. 15-00009 <br><br> **DECISION AND ORDER RE: PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES** |

Before the court are the following motions: Motion for Award of Attorneys' Fees and Expenses, filed by Mitchell F. Thompson, R. Todd Thompson, and Joephet R. Alcantara of Thompson Gutierrez & Alcantara, P.C.[1] (ECF No. 43), and Joinder Motion for Award of Attorneys' Fees and Expenses, filed by William D. Pesch of the Guam Family Law Office (ECF No. 51). After having reviewed the parties' briefs, affidavits, declarations, relevant cases and statutes, the court hereby **GRANTS** said motions in part.

---

[1] As of June 16, 2015, subsequent to the June 8, 2015 Judgment in this case, Thompson Gutierrez & Alcantara, P.C., has changed its name to Thompson Thompson & Alcantara, P.C. *See* ECF No. 44, at 2. For purposes of this order, the court will refer to the law firm's name of Thompson Gutierrez & Alcantara, P.C., as that was the firm's name at the time of the commencement of this civil action. However, reference to Thompson Thompson & Alcantara, P.C. will be made at the conclusion of this order.

## I. BACKGROUND

Plaintiffs Kathleen M. Aguero and Loretta M. Pangelinan brought this action pursuant to 42 U.S.C. § 1983, challenging Guam laws that defined marriage as a legal union of persons of opposite sex. *See* ECF No. 1. Along with the Complaint, Plaintiffs also filed a motion for summary judgment and a motion for preliminary injunction. *See* ECF Nos. 2 and 5. On June 5, 2015, the court heard argument on said motions and orally ruled in favor of the Plaintiffs. *See* ECF No. 34. On June 8, 2015, the court issued its written decision. *See* ECF No. 39.

Pursuant to FED. R. CIV. P. 54(d), Plaintiffs timely moved for an award of attorneys' fees and related expenses within 14 days of the court's entry of judgment. *See* ECF Nos. 39, 40, 43 and 51. Plaintiffs request a total fee award of $82,955.00, consisting of $66,462.50 in attorneys' fees to the law firm of Thompson Gutierrez & Alcantara, P.C.; and $16,492.50 in attorney's fee to the law firm of Guam Family Law Office. *See* ECF Nos. 43 and 51. Plaintiffs also request an award of costs in the total amount of $2,575.17, for computer legal research, court filing fee, service of process fee, photocopy expenses, enlargement of chart for the motions hearing, and audio/video fee. *See* ECF Nos. 43 and 46, at 18-19.

## II. DISCUSSION

Pursuant to 42 U.S.C. § 1988, in actions under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs[.]" 42 U.S.C. § 1988(b).

### A. Prevailing Party

"A plaintiff prevails for purposes of [Section] 1988 when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. Relief on the merits occurs when the material alteration of the parties' legal relationship is accompanied by judicial *imprimatur* on the

change." *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 715 (9th Cir. 2013) (internal quotations and citations omitted) (emphasis in original). Judicial imprimatur can come in the form of an enforceable judgment. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 609 (2001).

In this case, there is no question that Plaintiffs are the prevailing party.[2] The court granted Plaintiffs' motion for summary judgment and the relief requested, which was to permanently enjoin Defendants from enforcing 10 G.C.A. §3207(h) and any other laws or regulations to the extent they prohibit otherwise qualified same-sex couples from marrying in Guam. *See* ECF No. 39. In accordance with the court's written decision, judgment was entered in favor of the Plaintiffs and against the Defendants. *See* ECF No. 40.

### B. Standard for Attorneys' Fees

Because the Plaintiffs are the prevailing party in this Section 1983 suit, the court must now determine whether the requested attorneys' fees are reasonable. The Supreme Court has found that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This is referred to as the "lodestar figure," which is a "presumptively reasonable fee" under Section 1988. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (internal quotations omitted). The court may then adjust the lodestar figure upward or downward based on factors set forth in *Kerr* that are not subsumed in

---

[2] In their response to Plaintiffs' motion for award of attorneys' fees and expenses, Defendants stated that "[t]he Court did not yet rule upon whether Plaintiffs successfully met the elements of a 1983 action as opposed to their successful constitutional challenge and the Court's resulting remedy (injunction following Court holding 10 G.C.A. Section 3207(h) 'unconstitutional')." *See* ECF No. 56, at 2, citing to *Ngiraingas v. Sanchez*, 495 U.S. 182 (1990).

It is unclear to the court as well as to Plaintiffs (*see* ECF No. 57, at 2) what Defendants are intending to argue here. The court will not speculate as to Defendants' arguments, but it will note that Plaintiffs are the prevailing party in this case.

the lodestar calculation.[3] *Id.*

The party applying for fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. The party opposing the fees "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392,

---

[3] The *Kerr* factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

The Plaintiffs in this case argue that two factors in the *Kerr* case are present: (1) the "undesirability" of the case and (2) awards in similar cases. *See* ECF No. 44 at 7 and ECF No. 52 at 6-7. The requesting party seeking an adjustment of the lodestar figure bears the burden of showing by "specific evidence on the record that receipt of a reasonable hourly rate times the number of hours reasonably spent on these matters does not constitute a fully compensatory fee." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1264 (9th Cir. 1987). An adjustment is granted only in "rare and exceptional" cases wherein the lodestar amount is unreasonably low or unreasonably high. *Van Gerwen v. Gurantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations omitted); *see also Perdue v. Kenny A. ex. rel. Winn*, 130 S.Ct. 1662, 1673 (2010).

In support of the "undesirability" argument, Plaintiffs submitted an affidavit of William D. Pesch, wherein he states that he sought out same-sex couples who wanted to get married (as potential clients) and that with the exception of the present Plaintiffs, the most common reason for the other couples not pursuing the matter was due to "the fear of family and public rejection and scorn." *See* ECF No. 53, at 2-3. William D. Pesch also states that he sought out attorneys on Guam to assist him on any potential same-sex marriage litigation, and a number of attorneys demurred. *Id.* at 3. Plaintiffs also submitted a declaration from Anita P. Arriola, wherein she states that Guam is predominantly Catholic and the Archbishop of Guam and other community members took a very public stance in opposing same-sex marriage. *See* ECF No. 48, at 4.

Even if the court accepts as true the statements made by William D. Pesch and Anita P. Arriola, the court finds that there is insufficient specific evidence on the record to make an accurate determination as to the undesirability of the case. Same-sex marriage is generally a controversial topic elsewhere and not necessarily just on Guam.

As to the issue of "awards in similar cases," wherein courts have granted attorney fees between the range of $300.00 to $400.00 per hour in successful cases challenging bans against same-sex marriage (*see* ECF No. 44 at 7), this court finds that the fees granted in those cases were based on the rate prevailing in their community. *See Geiger v. Kitzhaber*, No. 6:13-cv-01834-MC (D. Or. filed Aug. 19, 2014) (hourly rate was based on the Oregon State Bar survey on fees); *Latta v. Otter*, No. 1:13-cv-00482-CWD, 2014 U.S. Dist. LEXIS 176103 (D. Idaho Dec. 19, 2014) ("$400 per hour is similar to what attorneys in Boise doing similar specialized litigation charge[.]"). This court will be applying the attorneys' current hourly rates, which fall very close to or within the customary rates for attorneys on Guam with comparable skill, experience, and reputation.

For these reasons, this court finds that an upward adjustment is unwarranted because the existing lodestar figures are not unreasonably low or high.

1397-98 (9th Cir. 1992).

i. **Reasonable Hourly Rates**

An established standard for determining a reasonable hourly rate is the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (internal quotations omitted). The court also considers certain factors, including the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards in similar cases. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1114 (9th Cir. 2008).

In this case, Plaintiffs request fees for the work of four attorneys: Mitchell F. Thompson, R. Todd Thompson, and Joephet R. Alcantara of Thompson Gutierrez & Alcantara, P.C.; and William D. Pesch of Guam Family Law Office. The Plaintiffs were represented at no charge and the attorneys were to recover their fees from the Defendants. *See* ECF Nos. 45, 46, and 53.

In support of their request, Plaintiffs submitted declarations of Anita P. Arriola, Bill R. Mann, and Jeffrey A. Cook. *See* ECF Nos. 48, 49, and 50. The declarants are attorneys with at least 20 or more years of experience practicing civil litigation in Guam. *Id.* Each declarant stated that based on their experience, attorneys on Guam with 20 or more years of experience commonly charge at least $250.00 per hour for their professional services in litigation matters. *Id.*

In addition, Plaintiffs submitted the affidavits of the four attorneys, with each stating their current regular hourly rate, their years of experience, and areas of practice:

Mitchell F. Thompson has been licensed to practice law in the courts of Guam since 1986. ECF No. 45, at 1. He is a principal in the law firm, Thompson Gutierrez & Alcantara, P.C., and his current hourly rate is $250.00. *Id.* at 1-3. His practice has emphasized litigation in civil,

commercial and administrative contexts, including motion practice, trials and appeals. *Id.* at 2.

R. Todd Thompson has been licensed to practice law in the courts of Guam since 1989. ECF No. 46, at 1. He is also a principal in the law firm, Thompson Gutierrez & Alcantara, P.C., and his current hourly rate is $250.00. *Id.* at 1-3. His practice has emphasized litigation in civil, insurance and commercial contexts, including motion practice, trials and appeals. *Id.* at 2.

Joephet R. Alcantara has been licensed to practice law in the courts of Guam since 2007. ECF No. 47, at 2. He is a principal in the law firm, Thompson Gutierrez & Alcantara, P.C., and his current hourly rate is $250.00. *Id.* at 1-2. His practice has included administrative law, commercial transactions, as well as litigation. *Id.* at 2.

William D. Pesch has been licensed to practice law in the courts of Guam since 1984, and his current hourly rate is $225.00. ECF No. 53 at 1-2. He has extensive experience in civil matters, motion practice and trial work. *Id.* at 2. He became a sole practitioner in 1995, primarily focusing on family law matters. *Id.*

The court finds that the requested hourly rates of $225.00 for William D. Pesch; and $250.00 for Mitchell F. Thompson, R. Todd Thompson, and Joephet R. Alcantara are reasonable. There is evidence that $250.00 is the customary rate for attorneys on Guam with 20 or more years of civil litigation experience. *See* ECF Nos. 48, 49, and 50. The court notes that although Joephet R. Alcantara is the only attorney out of the four that does not have over 20 years of experience, the court nonetheless finds his requested hourly rate of $250.00 to be reasonable since that is his current regular hourly rate and there is no evidence presented to this court that such rate is unreasonable. Defendants in this case refused to take a position on Plaintiffs' request for attorneys' fees and related expenses. *See* ECF No. 56, at 2.

Further, the court finds that although William D. Pesch's requested hourly rate of $225.00 is less than the $250.00 customary rate for Guam attorneys with over 20 years of civil

litigation experience, Pesch's requested hourly rate of $225.00 is reasonable. Pesch's primary focus in this case was the handling of public relations, and the legal research and writing were primarily performed by his co-counsel. ECF No. 53, at 3.

### ii. Hours Reasonably Expended

The Ninth Circuit has held that "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno*, 534 F.3d at 1112. The court may adjust the hours requested if it finds them to be excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S at 434.

The law office of Thompson Gutierrez & Alcantara, P.C., spent a total of 265.85 hours in this case. *See* ECF No. 43, at 2. The Guam Family Law Office spent a total of 73.3 hours. *See* ECF No. 51, at 2. In their individual affidavits, the attorneys stated that they believe the time spent in this case was reasonably necessary under the circumstances. ECF Nos. 45, 46, 47, and 53.

The court has thoroughly reviewed the itemized hours being requested by Plaintiffs and finds that with the exception of the 0.5 hour billed on June 8, 2015 by William D. Pesch for media interview with Radio Australia (*see* ECF No. 51, at 6),[4] the hours expended in this case are reasonable and none of them are excessive, redundant, or otherwise unnecessary.[5]

---

[4] The Ninth Circuit has held that billable hours devoted to post-verdict media activities must be deducted from the fee award. *See Gilbrook v. City of Westminster*, 177 F.3d 839, 877 (9th Cir. 1999), *as amended on denial of reh'g* (July 15, 1999). In this case, the court had orally ruled in favor of the Plaintiffs on June 5, 2015, and issued its written decision on June 8, 2015. Accordingly, the court finds that the radio interview held on June 8, 2015 is a post-verdict media activity and therefore should be excluded.

[5] Some of the hours billed involve media contacts. "Prevailing civil rights counsel are entitled to fees for 'press conferences and performance of other lobbying and public relations work' when those efforts are directly and intimately related to the successful representation of a client." *Gilbrook*, 177 F.3d at 877 (internal quotation omitted).

In this case, with the exception of the 0.5 hours billed on June 8, 2015 for a radio interview, the court finds that the

Page **7** of **9**

### C. Related Expenses

Section 1988 also provides payments for "those out-of-pocket expenses that would normally be charged to a fee paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (internal quotations omitted). This includes photocopying and computerized legal research. *See Woods v. Carey*, 722 F.3d 1177, 1179 n.1 (9th Cir. 2013); *Trustees of Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258-59 (9th Cir. 2006).

Plaintiffs request the award of the following related expenses (*see* Exhibit 2, ECF No. 46):

| **Expense** | **Amount** |
|---|---|
| Court Filing Fee | $400.00 |
| Service of Process Fee | $130.00 |
| Computerized Legal Research (Westlaw) | $1,815.77 |
| Photocopy charges and enlargement of chart for hearing | $199.40 |
| Audio/video fee re copy of video recording of hearing | $30.00 |
| **TOTAL AMOUNT REQUESTED** | $2,575.17 |

The court finds that all of the requested expenses are "out-of-pocket expenses that would normally be charged to a fee paying client" and accordingly, this court grants the award of expenses in the amount of $2,575.17.

---

media work done by the Plaintiffs' attorneys is directly and intimately related to the successful representation of their clients, as a means of pursuing a settlement. Local politics had a potentially determinative influence on the outcome of the parties' settlement negotiations and the availability of the requested relief by Plaintiffs, *i.e.*, the issuance of a marriage license to same-sex couples by the Department of Public Health and Social Services. Plaintiffs made every effort to settle the case, including one week prior to the motions hearing date. *See e.g.*, itemized billing entry by R. Todd Thompson on May 29, 2015, "Phone conference with Mr. Phillips Re: settlement possibilities." ECF No. 46, at 15.

**III. CONCLUSION**

Based on the foregoing, the Plaintiffs' motion for attorneys' fees and related expenses is hereby GRANTED in part. Defendants are hereby ORDERED to pay Plaintiffs the following:

1. Attorneys' Fees:

    a. The sum of $66,462.50 for legal services provided by Thompson Thompson & Alcantara, P.C., in this case, which represents a total of 265.85 hours of legal services at the hourly rate of $250.00.

    b. The sum of $16,380.00 for legal services provided by the Guam Family Law Office of William D. Pesch, in this case, which represents a total of 72.8 hours of legal services at the hourly rate of $225.00.

    c. Below is a chart showing the breakdown of the number of hours worked by each attorney and their hourly rate:

| Attorney's Name | Approved Billing Rate | Approved Billed Hours | Attorney's Fee Award |
|---|---|---|---|
| Mitchell F. Thompson | $250.00 | 57.20 | $14,300.00 |
| R. Todd Thompson | $250.00 | 204.15 | $51,037.50 |
| Joephet R. Alcantara | $250.00 | 4.50 | $1,125.00 |
| William D. Pesch | $225.00 | 72.8 | $16,380.00 |

2. The sum of $2,575.17 for related expenses incurred by Thompson Thompson & Alcantara, P.C., in this case, which represents out-of-pocket expenses that would normally be charged to a fee paying client.

Defendants are further ORDERED that such payments be made within thirty (30) days from the date of this order.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
  **Chief Judge**
**Dated: Mar 16, 2016**